OPINION OF THE COURT
Per Curiam.
The respondent was admitted to the bar at a term of the Appellate Division of the Supreme Court in the First Judicial Department on August 16, 1990. The Grievance Committee for the Ninth Judicial District (hereinafter the Grievance Committee) served the respondent with a petition dated October 17, 2007 containing 11 .charges of professional misconduct, and a supplemental petition dated December 18, 2008 containing two additional charges of professional misconduct. After a hearing held on June 2, 2009 and June 10, 2009, the Special Referee sustained all 13 charges. The Grievance Committee now moves to confirm the Special Referee’s report and impose such discipline upon the respondent as the Court deems just and proper. The respondent cross-moves to disaffirm the Special Referee’s report as to charges two, four, five, twelve, and thirteen and to dismiss those charges, confirm the report as to the remaining charges, impose a period of suspension not to exceed two years, and reinstate him to the practice of law upon the completion of that period of suspension.
Charge one alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). The *220 respondent was retained in 2001 to prosecute an action on behalf of Oleg Levinscy to recover damages for personal injuries allegedly sustained in a motor vehicle accident occurring in January 1999. The respondent purchased an index number and filed an action in January 2002, but failed to properly serve the initiating papers on the defendants. Thus, no action was commenced. The respondent attempted to commence a new action in July 2006, but the action was dismissed as time-barred.
Charge two alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent notified Mr. Levinscy of the commencement of the second action, without acknowledging responsibility for the failure to properly commence the first action, thereby misleading Mr. Levinscy.
Charge three alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). The respondent never notified Mr. Levinscy of the dismissal of the first action.
Charge four alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]). In response to the complaint of Mr. Levinscy, the respondent submitted an answer dated February 15, 2006, wherein he stated that Mr. Levinscy’s action was “presently active” and that he “hope[d] to have a conference on it soon.” On February 15, 2006, there was no action pending because no action had been commenced. The respondent’s assertions were made with reckless disregard for the truth or were intentionally false. Thus, the respondent failed to cooperate with the Grievance Committee’s lawful investigation.
Charge five alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]) based on the factual specifications alleged in charge four.
Charge six alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). The respondent was retained to prosecute an action on behalf of Louis Brusati to recover damages for personal injuries allegedly sustained in February 1998. The respondent commenced the ac *221 tion in the Supreme Court, Westchester County. By decision and order dated January 26, 2004, the court granted the defendants’ motions for summary judgment dismissing the action. The respondent failed to advise Mr. Brusati of the dismissal until May 27, 2004, by which date the time to file a notice of appeal had expired.
Charge seven alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law by continuing to neglect a matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). The respondent was retained in or about 1997 to prosecute an action on behalf of Amaury Maldonado to recover damages for personal injuries allegedly sustained in a pedestrian-automobile accident in August 1997. The respondent commenced an action in August 2000. The defendants failed to appear. The respondent filed a motion for a default judgment in 2004. In or about January 2005, the motion was denied as untimely and the action was dismissed. The respondent failed to advise Mr. Maldonado of the dismissal until March 13, 2006, a lapse of 13 months, by which time Mr. Maldonado’s potential appellate remedies were time-barred.
Charge eight alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In February 2005, the respondent appeared before the Grievance Committee and did not apprise it of the disposition of the Maldonado action. Rather, the respondent assured the Grievance Committee that he would diligently pursue the action, including timely communicating with the client.
Charge nine alleges that the respondent engaged in conduct that adversely reflects on his fitness to practice law by failing to promptly address his client’s inquiries, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In August 2005 and February 2006, inquiries were made of the respondent regarding the Maldonado action. The respondent did not address the inquiries until March 2006.
Charge ten alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In March 2006, the respondent advised Mr. Maldonado that his action was dismissed, and further advised that he believed that he could recommence the lawsuit and would still be willing to pursue the matter further. The respondent, by so advising his client, misled him.
*222 Charge eleven alleges that the respondent engaged in conduct prejudicial to the administration of justice, in violation of Code of Professional Responsibility DR 1-102 (a) (5) (22 NYCRR 1200.3 [a] [5]), by neglecting the Levinscy, Brusati, and Maldonado matters.
Charge twelve alleges that the respondent neglected a legal matter entrusted to him, in violation of Code of Professional Responsibility DR 6-101 (a) (3) (22 NYCRR 1200.30 [a] [3]). The respondent was retained in 1997 to prosecute an action on behalf of Ricardo Cruz to recover damages for personal injuries allegedly sustained as a result of police brutality in November 1995. The respondent purchased an index number and filed an action in the Civil Court of the City of New York, Bronx County, in February 1997. The defendant filed an answer. The respondent thereafter failed to prosecute the action.
Charge thirteen alleges that the respondent engaged in conduct adversely reflecting on his fitness to practice law, in violation of Code of Professional Responsibility DR 1-102 (a) (7) (22 NYCRR 1200.3 [a] [7]). In response to the complaint of Mr. Cruz, the respondent submitted an answer dated July 26, 2008, wherein he stated that Mr. Cruz’s action “is valid and active and can be prosecuted when Mr. Cruz retains new counsel.” In fact, according to court officials, the file from the Cruz action had been lost, thereby necessitating, inter alia, a motion to reconstruct the file before the action could be restored. Thus, the respondent’s assertions to the Grievance Committee were misleading.
The respondent served a verified answer dated February 13, 2008 and a supplemental answer dated March 27, 2009.
The Grievance Committee and the respondent submitted a stipulation in which the respondent admitted to the facts alleged in the original petition and the supplemental petition. The parties also stipulated to documentary evidence, consisting of 26 exhibits. The respondent testified on his own behalf, merely offering evidence in mitigation. He did not contest any of the factual allegations, but he disputed whether the facts amounted to a violation of the Code of Professional Responsibility with respect to charges two, four, five, twelve, and thirteen. The respondent called several character witnesses, in addition to Leslie Brooks, a psychiatrist, as an expert witness.
Based on the stipulation and evidence adduced, all 13 charges were properly sustained by the Special Referee. Accordingly, the Grievance Committee’s motion to confirm is granted and. the respondent’s cross motion to disaffirm in part is denied.
*223 As far as mitigating factors, the respondent offered the testimony of his psychiatrist, Dr. Leslie Brooks, who diagnosed respondent as suffering from an “adjustment disorder, unspecified.” This unspecified disorder manifested itself in the form of passive/aggressive behavior and was rooted in the respondent’s relationship with his mother, who was suicidal and domineering. The respondent claims that his passive/aggressive behavior transferred over to his client relationships. While skeptical at first, the Special Referee found “that there was some psychiatric reason for the [respondent’s] lapses.” The Grievance Committee notes, however, that the respondent achieved successes in his professional career notwithstanding his alleged mental illness, which apparently affected the respondent only in a small minority of cases.
The Grievance Committee further notes that the respondent has an extensive prior disciplinary history, consisting of two letters of caution and five letters of admonition, all involving neglect or failure to diligently pursue client matters.
Notwithstanding the expert testimony of Dr. Leslie Brooks, we find that the more plausible explanation for the respondent’s misconduct was just plain neglect rooted in his status as a solo practitioner with a heavy caseload and busy trial schedule. Notwithstanding the respondent’s remorse, compliance with the terms of his interim suspension, and his attempts to address his shortcomings through therapy, the respondent’s misconduct was repeated, preceded by an extensive disciplinary history.
Under the totality of circumstances, the respondent is suspended from the practice of law for a period of three years.
Prudenti, EJ., Mastro, Rivera, Skelos and Fisher, JJ., concur.
Ordered that the petitioner’s motion to confirm the Special Referee’s report is granted and the respondent’s cross motion to disaffirm is denied; and it is further,
Ordered that the respondent, Warren Scott Goodman, is suspended from the practice of law for three years, and continuing until further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the said period of three years upon furnishing satisfactory proof that during the said period he (1) refrained from practicing or attempting to practice law, (2) fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and *224 resigned attorneys (see 22 NYCRR 691.10), (3) complied with the applicable continuing legal education requirements of 22 NYCRR 691.11 (c), and (4) otherwise properly conducted himself; and it is further,
Ordered that the respondent, Warren Scott Goodman, shall continue to promptly comply with this Court’s rules governing the conduct of disbarred, suspended, and resigned attorneys (see 22 NYCRR 691.10); and it is further,
Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until such further order of this Court, the respondent, Warren Scott Goodman, shall continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, judge, justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.
Ordered that if the respondent, Warren Scott Goodman, has been issued a secure pass by the Office of Court Administration, it shall be returned forthwith to the issuing agency, and the respondent shall certify to the same in his affidavit of compliance pursuant to 22 NYCRR 691.10 (f).